IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LORRAINE CHADWELL, Individually and                                          PLAINTIFF
as the Personal Representative of the Estate of
Thomas J. Dazey, Deceased, and on Behalf
of the Wrongful Death Beneficiaries of
Thomas J. Dazey, Deceased

v.                              No. 3:17CV00053 JLH

LONE STAR RAILROAD CONTRACTORS, INC.;
WELLS FARGO RAIL CORPORATION;
BNSF RAILWAY COMPANY; JOHN DOE
CORPORATIONS I and II; and
STEEL DUST RECYCLING, LLC                                                    DEFENDANTS

**OPINION AND ORDER**

This is a wrongful death action. The decedent, Thomas J. Dazey, died as a result of a railroad car derailment at the Nucor Steel manufacturing plant near Armorel, Arkansas, on February 11, 2014. The plaintiff commenced this action on February 9, 2017. In an amended complaint filed on April 24, 2017, she added Steel Dust Recycling, LLC, as a defendant. Steel Dust Recycling has now filed a motion for summary judgment, arguing that the plaintiff's claims against it are barred by Arkansas's three-year statute of limitations, Ark. Code Ann. § 16-62-102(c). The plaintiff argues that her amendment adding Steel Dust Recycling is not barred by the statute of limitations because it relates back to the date she commenced this action.

The issue is governed by Federal Rule of Civil Procedure 15(c)(1)(C), which provides that an amendment relates back to the date of the original pleading when the amendment changes the party against whom a claim is asserted, the amendment asserts a claim that arose out of the occurrence set out in the original pleading, and within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in received such notice of the action that it will

not be prejudiced in defending on the merits and "knew or should have known that the action should have been brought against it, but for a mistake concerning the proper party's identity."

As noted, the plaintiff filed her complaint on February 9, 2017, which was two days before the three-year statute of limitations ran. The complaint alleged that at the time of the accident Dazey was employed as a remote-controlled locomotive engineer with Nucor. Dazey was operating a locomotive and railcar remotely, while riding on the side of the railcar, when the railcar derailed and collided with a railcar on an adjacent track, crushing him between the railcars and ultimately causing his death. The original complaint identified three named defendants and two John Doe defendants. The first named defendant was Lone Star Railroad Contractors, Inc., which the plaintiff alleged was responsible for maintaining the track. The second named defendant was Well Fargo Rail Corporation, which the plaintiff alleged was responsible for upkeep and maintenance of the railcar upon which Dazey was riding. The third named defendant was BNSF Railway Company, which the plaintiff alleged owned the land where the track was situated and had the duty of maintaining the track, as well as transporting and maintaining the railcar that derailed. The complaint alleged that John Doe Corporation I had the duty of training Dazey and others, while John Doe Corporation II had the duty of designing and manufacturing products that were essential to the safe operation of a remote-controlled locomotive.

Wells Fargo Rail filed its answer on April 5, 2017. In that answer, Wells Fargo Rail admitted that it owned the railcar on which Dazey was riding but denied that it was responsible for its upkeep and maintenance. Wells Fargo Rail explained that the railcar was leased at the time of the incident to Steel Dust Recycling, which had custody and control over the railcar and was responsible for its upkeep and maintenance. A lawyer representing the plaintiff has submitted an

affidavit explaining that at the time the original complaint was filed he believed that Wells Fargo Rail was responsible for maintenance of the railcar. He first became aware that Steel Dust Recycling leased the railcar from Wells Fargo Rail and may have been responsible for the maintenance of the subject railcar when he received Wells Fargo Rail's answer on April 5, 2017.

Steel Dust Recycling argues that the amended complaint naming it as a defendant does not relate back to the date the original complaint was filed because, as a matter of law, ignorance of a party's identity does not constitute a mistake under Rule 15(c). That argument is based primarily on *Heglund v. City of Rapids*, 871 F.3d 572 (8th Cir. 2017). There, the plaintiffs sued several governmental entities and state officials in Minnesota, as well as hundreds of John and Jane Does, alleging that police officers had improperly accessed their private information. After the statute of limitations had run, the plaintiffs moved to amend the complaint to replace one of the John Does with Frank Scherf. The district court denied the motion to amend because the Heglunds did not make a mistake within the meaning of Rule 15(c) by suing "John Doe" rather than Scherf in their original complaint. *Id*. at 575. The Eighth Circuit affirmed, holding that the Heglunds did not make a mistake. The Eighth Circuit explained:

> Under Rule 15(c), relation back is permitted only when the action originally is brought against the wrong person because of a "mistake." Regardless of when Scherf learned of the action or what he knew about whether the plaintiffs would like to have sued him, the Heglunds did not make a "mistake" in the ordinary sense of the word when they intentionally sued "John Doe" while knowing that he was not the proper defendant.

*Id*. at 581. Heglund is not on point. There, the plaintiffs knew when they filed their complaint that they had not named some parties who were potentially liable to them—they were ignorant but not mistaken. Here, the plaintiff did not know when she filed her original complaint that she had failed to name a potentially responsible party.

3

The plaintiff relies upon *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 130 S. Ct. 2485, 177 L. Ed. 3d 48 (2010). There, Wanda Krupski was injured while on a cruise operated by Costa Crociere. She had information in her possession that should have notified her that Costa Crociere was the responsible entity, but she sued Costa Cruise Lines, which was the sales and marketing agent for Costa Crociere. When she sued Costa Cruise, she alleged that it owned, operated, managed, supervised, and controlled the ship, which was inaccurate. After the statute of limitations expired, Costa Cruise brought to Krupski's attention that Costa Crociere existed and then moved for summary judgment, pointing out that it was not the owner of the ship. The court denied summary judgment, giving Krupski leave to amend, which she did, naming Costa Crociere as the defendant. Costa Crociere then moved to dismiss the amended complaint, arguing that the plaintiff knew or should have known of the proper defendant long before the statute of limitations had expired. The district court granted the motion to dismiss, and the Eleventh Circuit affirmed.

The Supreme Court reversed, stating that under Rule 15(c)(1)(C)(ii), the issue is what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint. *Id*. at 548, 130 S. Ct. at 2493. In the course of explaining what the word "mistake" means in Rule 15, the Supreme Court stated:

> A plaintiff may know that a prospective defendant—call him Party A—exists, while erroneously believing him to have the status of Party B. Similarly, a plaintiff may know generally what Party A does while misunderstanding the roles that Party A and Party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues Party B instead of Party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether Party A knew or should have known that, absent some mistake, the action would have been brought against him.

4

*Id.* at 549, 130 S. Ct. at 2494.

Here, using this explanatory example, Wells Fargo Rail is Party B—the party that the plaintiff sued, erroneously believing it held the status of the party responsible for upkeep and maintenance of the railcar. Steel Dust Recycling is Party A—the party who actually had the responsibility for upkeep and maintenance of the railcar. The difference between this case and the Supreme Court's example in *Krupski* is that there the Supreme Court assumed that the plaintiff knew of the existence of both Party A and Party B, whereas here the plaintiff did not know of the existence of Steel Dust Recycling. The Supreme Court's example, however, did not assume that the plaintiff knew of the existence of both Party A and Party B because some legal principle depended on the plaintiff having that knowledge; rather, that was a fact as argued by Costa Crociere.

"Mistake implies inadvertence or a sincere but wrong belief." *Heglund*, 871 F.3d at 579. "Mistake" includes "a wrong action or statement proceeding from . . . inadequate knowledge . . . ." *Id.* (quoting Webster's Third New International Dictionary 1446 (2002)). "Mistake" includes an "unintentional . . . omission . . . arising from ignorance . . . ." *Id.* at 580 (quoting Black's Law Dictionary 1152-53 (4th ed. 1951)). Here, the plaintiff sincerely but wrongly believed that Wells Fargo Rail was the party who had the responsibility to upkeep and maintain the railcar on which Dazey was riding at the time of the accident. Her mistaken belief was caused by ignorance or inadequate knowledge concerning the party who was responsible for upkeep and maintenance of the railcar. Based upon the Supreme Court's holding in *Krupski*, the plaintiff here made "a mistake concerning the proper party's identity" under Rule 15(c).

All of the other elements of relation back under Rule 15(c) are met. The amendment changed the party against whom a claim is asserted by adding Steel Dust Recycling as a defendant.

5

Within the period provided by Rule 4(m) for serving the summons and complaint, Steel Dust Recycling received such notice of the action that it will not be prejudiced on defending on the merits and knew or should have known that the action would have been brought against it but for a mistake concerning the identity of the party who was responsible for upkeep and maintenance of the railcar.

Steel Dust Recycling, LLC's motion for summary judgment is therefore DENIED. Document #42.

IT IS SO ORDERED this 29th day of January, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE