## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

LORRAINE CHADWELL, Individually and
as the Personal Representative of the
ESTATE OF THOMAS DAZEY, Deceased
and on behalf of the Wrongful Death Beneficiaries of
Thomas J. Dazey, Deceased                                     **PLAINTIFFS**

v.                                    NO. 3:17-cv-0053 JLH

LONE STAR RAILROAD CONTRACTORS, INC.;
WELLS FARGO RAIL CORPORATION;
BNSF RAILWAY COMPANY; JOHN DOE,
JOHN DOE CORPORATION I, AND JOHN DOE
CORPORATION II; AND STEEL DUST RECYCLING, LLC       **DEFENDANTS**

## STIPULATION AND PROTECTIVE ORDER

The Parties and non-party, Nucor Corporation ("Nucor"), by and through their respective counsel, respectfully request that this Court enter the following Protective Order as stipulated to by the parties to this action.

## STIPULATION

1.    During discovery in this action, the Parties and/or Nucor may be required to produce documents, answer interrogatories, respond to requests for admissions, and/or provide oral testimony which may reveal trade secrets or other confidential research, development or proprietary commercial information that should not be disclosed other than as designated by the terms of a Protective Order.

2.    Accordingly, the Parties and Nucor request that this Court enter a Protective Order that all discovery responses which contain trade secrets or other confidential research, development or proprietary commercial information shall be disclosed only in the following designated way:

1

# PROTECTIVE ORDER

(1)     Any information disclosed, furnished, or submitted, either voluntarily or pursuant to a Court Order, by or on behalf of any Party or Nucor in this litigation which the producing Party or Nucor contends might reveal trade secrets or other confidential research, development or proprietary commercial information may be deemed "CONFIDENTIAL" and will be designated as such by the producing Party or Nucor in conjunction with providing responses to discovery requests.

(2)     The Parties and Nucor shall only mark as confidential those documents, materials or information which are:

(a)     not previously produced to any person or entity without protection for their confidential or trade secret matters;

(b)     and which are not available to members of the general public.

(3)     All documents designated "CONFIDENTIAL" by any Party or Nucor pursuant to paragraph (1) of this Stipulation shall be used only in connection with pre-trial proceedings, preparation for trial, trial, or other associated proceedings in this litigation and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Order.

(4)     Access to any documents, materials or information produced or disclosed in this action by any Party or Nucor and designated "CONFIDENTIAL" or information derived from them (including any copies, recordings, disks, prints, negatives, extracts or summaries of the contents or substance thereof) shall be restricted and shall not be shown or the contents or existence thereof otherwise divulged, to any entity or person except:

704765_1

(a) The attorneys in the law firms appearing in this action for a Party or Nucor and personnel who are directly employed by those firms and are assisting counsel of record in the handling of this litigation;

(b) Those officers, directors, and employees of a Party or Nucor whose assistance is required in the preparation of this litigation for trial and who must have access to the materials to render effective assistance;

(c) Experts or consultants retained in connection with this action;

(d) The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessary incident to the preparation of this case for trial or the trial of this action; and

(e) Such other persons as the parties shall agree to in writing, or the Court shall determine after a hearing.

(5) Each qualified person described in subparagraphs (b), (c), or (e) of the preceding paragraph to whom "protected documents" or "confidential materials" are to be furnished, shown, or disclosed shall first be presented by the disclosing party with a copy of this Stipulation and Protective Order. All such persons shall be bound by the terms of this Protective Order and after reading the Stipulation and Protective Order, shall sign the attached form of "Acknowledgment of Protective Order". Counsel shall retain a signed copy of the "Acknowledgment of Protective Order" for each such individual being provided access to documents designated "CONFIDENTIAL" until the conclusion of this litigation at which point a copy of each "Acknowledgment of Protective Order" shall be provided to all of the counsel. The qualified persons shall use that information only for purposes of this litigation and shall not give, show, divulge or otherwise permit disclosure of any of the documents, materials or information

produced by any Party or Nucor which are designated "CONFIDENTIAL" or the content, substance or facts of existence thereof to any other person or entity.

(6) All transcripts, depositions, exhibits or other pleadings or filings in this action which contain or otherwise set forth documents, information or other materials or the contents thereof, which had been previously designated by any Party or Nucor as "CONFIDENTIAL" shall likewise be subject to the terms of this Protective Order. Any such transcripts, depositions, exhibits, pleadings or other such documents or materials containing such confidential information which are filed with the Court, shall be filed in sealed envelopes or other sealed containers which shall bear the caption of this action, an indication of the nature of the content of such sealed envelope or container, the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and a statement substantially stating that the envelope or container is not to be opened or the contents thereof to be displayed or revealed except by express order of the Court.

(7) Nothing within this Stipulation and Protective Order prohibits a Party or Nucor from using documents designated "CONFIDENTIAL" as exhibits at the time of trial. However, this agreement shall not be construed to waive any relevant objections applicable under the Federal Rules of Civil Procedure.

(8) The Parties shall seek to have all other parties to this litigation, hereafter added and/or identified, agree to be bound by the terms of this Protective Order. Those other parties shall become bound by the terms of this Order by signing a joinder agreement. Upon signing that joinder agreement, a party shall be bound by the terms of this order to the extent as are the Parties and Nucor. No documents designated "CONFIDENTIAL" produced by any Party or Nucor to any party in this litigation shall be produced to any other party in this litigation unless

4

704765_1

that party agrees to be bound by the terms of this Protective Order or unless otherwise compelled by Order of Court.

(9) Upon conclusion of this action, by settlement or otherwise, counsel for the Parties and Nucor herein shall return to counsel for the producing Party or Nucor all documents or other materials produced which are subject to this Protective Order, including the return of any and all copies, recordings, prints, disks, negatives or summaries thereof (including, but not limited to any such materials in the possession of any employees, experts or consultants), except those comprising any trial or appellate court record. As to any confidential documents or materials which comprise any portion of the trial or appellate record, they shall remain confidential and shall continue to be sealed in accordance with the terms of paragraph (6) of this Protective Order.

(10) Any "work product", summaries, duplication or notes prepared from or derived from the documents, materials or information marked as "CONFIDENTIAL" shall be destroyed by counsel upon the conclusion of this action, (by settlement or otherwise), who shall then promptly advise counsel for the producing Party or Nucor that compliance with this term of the Protective Order has been accomplished.

(11) Nothing in the Order of this Court should be construed to prevent the parties or Nucor from agreeing to a modification of its terms with Court approval. Furthermore, any party to this agreement may apply to the Court for a modification of this Order, and nothing in the Order shall be deemed to prejudice the right to seek modification.

(12) However, if any Party or Nucor seeks a modification of this Order of Court, or otherwise challenges the appropriateness of any materials, information or documents which are designated by any Party or Nucor as "CONFIDENTIAL" as actually being confidential or containing trade secret information, then, that Party will notify all counsel of record in writing of

the nature and scope of the proposed modification, including the identity of any documents or other materials which the Party contends should not fall within the scope of this Protective Order, notwithstanding its designation by the producing Party or Nucor pursuant to paragraph (1) of this Stipulation.

(13) Within thirty (30) days of receiving written notice from any party proposing a modification of this Stipulation, the producing Party or Nucor may apply to the Court for an Order that the modification not be had and/or that the documents or other materials identified retain their designation "CONFIDENTIAL" pursuant to this Stipulation. If no application is made to the Court within the time provided, then the modification as proposed by the party challenging the designation will be deemed to be stipulated to by all parties and an appropriate Order shall be submitted to the Court for approval.

(14) The terms and conditions of this Stipulation will remain in effect unless and until modified by a further Order of this Court.

IT IS SO ORDERED this 14th day of May, 2018.

BY THE COURT:

_J. Leon Holmes_
HONORABLE LEON HOLMES
UNITED STATES DISTRICT COURT JUDGE

DATE:_____

**STIPULATED TO THIS _____ DAY OF _____, 2018, BY:**


/s/ Richard T. Donovan
Richard T. Donovan, Ark. Bar No. 83054
Rose Law Firm,
a Professional Association
120 East Fourth Street
Little Rock, AR 72201-2893
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
rdonovan@roselawfirm.com
*Attorney for Nucor*

/s/ Timothy Gaarder
Thomas C. Jones, Ark. Bar No. 2009004
Grant L. Davis
Shawn Foster
Timothy Gaarder
1100 Main Street, Suite 2930
Kansas City, MO 64105
Telephone: (816) 421-1600
Facsimile: (816) 472-5972
tjones@dbjlaw.net
gdavis@dbjlaw.net
sfoster@dbjlaw.net
tgaarder@dbjlaw.net

and

/s/ Tony L. Wilcox
Tony L. Wilcox
Wilcox Law Firm
600 S. Main Street
Jonesboro, AR 72401
twilcox@wilcoxlacy.com
*Attorneys for Plaintiff*

7

704765_1

/s/ John P. Lord
John P. Lord, #28462(MO)
Terrence J. O'Toole, #60446(MO)
WILLIAMS VENKER & SANDERS LLC
100 North Broadway, 21st Floor
St. Louis, MO 63102
(314) 345-5000
(314) 345-5055 Fax
jlord@wvslaw.com
totoole@wvslaw.com
*ATTORNEYS FOR DEFENDANT*
*LONE STAR RAILROAD CONTRACTORS, INC.*

/s/ Joseph P. Pozen
Joseph P. Pozen
BATES CAREY, LLP
191 North Wacker, Suite 2400
Chicago, IL 60606
jpozen@batescarey.com
*ATTORNEY FOR WELLS FARGO*
*RAIL CORPORATION*

/s/ J. Cotton Cunningham
J. Cotton Cunningham
BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201
ccunningham@barberlawfirm.com
*ATTORNEYS FOR WELLS FARGO*
*RAIL CORPORATION*

/s/ John W. Grimm
John W. Grimm
The Limbaugh Firm
407 North Kingshighway, Suite 400
P.O. Box 1150
Cape Girardeau, MO 63701
jgrimm@limbaughlaw.com
*ATTORNEYS FOR WELLS FARGO*
*RAIL CORPORATION*

/s/ J. Barrett Deacon
J. Barrett Deacon
DEACON LAW FIRM, P.A.
P.O. Box 1506
Fayetteville, AR 72702
jbdeacon@deaconlawfirm.com
*ATTORNEYS FOR BURLINGTON
NORTHERN SANTA FE RAILWAY
COMPANY*

/s/ Laurel Stevenson
Laurel Stevenson
HADEN, COWHERD & BULLOCK, LLC
2135 East Sunshine, Suite 203
Springfield, MO 65804-1899
lstevenson@hcblawfirm.com
*ATTORNEYS FOR BURLINGTON
NORTHERN SANTA FE RAILWAY
COMPANY*

/s/ Phil Campbell
Phil Campbell
Haley Heath Burks
Fuqua Campbell, P.A.
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
pcampbell@fc-lawyers.com
hburks@fc-lawyers.com
*ATTORNEYS FOR DEFENDANT
STEEL DUST RECYCLING, LLC*