# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

LORRAINE CHADWELL, Individually and as Personal                        PLAINTIFF
Representative of the Estate of Thomas J. Dazey, Deceased,
and on behalf of the wrongful death beneficiaries of
Thomas J. Dazey

v.                                NO. 3:17CV00053 JLH

LONE STAR RAILROAD
CONTRACTORS, INC., *et al.*                                                                              DEFENDANTS

v.

NUCOR CORPORATION                                            RESPONDENT

## OPINION AND ORDER

Thomas J. Dazey, a locomotive operator for Nucor Steel Arkansas, died as a result of a railroad car derailment at the Nucor manufacturing plant near Armorel, Arkansas, on February 11, 2014. The personal representative of Dazey's estate, Lorraine Chadwell, sued various entities. At this stage the only remaining named defendants are Lone Star Railroad Contractors, Inc., and Phoenix Services, LLC. Nucor has not been named as a party.

Chadwell moves to compel production of three categories of investigative materials from non-party Nucor: photographs of the derailment; witness statements by the Nucor employees who first arrived on the scene; and incident reports prepared by Nucor for its lawyers. Nucor objects on the grounds that the work product doctrine protects all these materials and documents.

The work product doctrine has long ensured that an opponent cannot secure materials that an adversary has prepared in anticipation of litigation. *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S. Ct. 385, 394, 91 L. Ed. 451 (1947); *Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998). Federal Rule of Civil Procedure 26 governs. Under that rule,

> [o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But . . . those materials may be discovered if:
>
>> (i) they are otherwise discoverable under Rule 26(b)(1); and
>> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A). If such materials are ordered disclosed, the Court must nevertheless protect from disclosure any opinion work product, or the "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

The first category of materials Chadwell seeks are certain photographs taken of the scene of the derailment shortly after it occurred. According to an affidavit filed by Nucor's lawyer at the Rose Law Firm, Russell Bailey, on the morning of the incident Mr. Bailey went to the incident site. He took photographs of the scene and equipment with his personal camera upon arrival and again the following day. Document #110 at 7. Also on the following day the Rose Law Firm retained an expert safety consultant to investigate and provide opinions relating to the incident in order to help the Rose Law Firm render its legal services. *Id.* at 8. As part of his services the expert took photographs of the incident scene and equipment on the day after it occurred. *Id.* Additionally, in the days following the incident Austin Strother, Nucor Steel Arkansas's safety coordinator, took photographs of the incident scene and equipment, the cleanup, and the railcar rerailing process after being instructed to do so by Mr. Bailey. *Id.*

The Eighth Circuit has noted that ordinary work product, as opposed to opinion work product, includes "photographs and raw information." *Pittman v. Frazer*, 129 F.3d 983, 987-88 (8th

Cir. 1997). In *Pittman* photographs gathered by Union Pacific's investigator after a railroad accident constituted ordinary work product. *Id.* District courts have also held that photographs taken at the direction of an attorney are protected work product. *Huggins v. Fed. Express Corp.*, 250 F.R.D. 404, 407 (E.D. Mo. 2008); *Eisenberg v. Carnival Corp.*, 2008 WL 2946029 at *1 (S.D. Fla. July 7, 2008); *Amerson v. Outlaw*, 2012 WL 4866440, at *1 (E.D. Ark. Oct. 12, 2012). The photographs described above – those taken in the days following the accident by Mr. Bailey, the safety consultant expert retained by the Rose Law Firm, and Mr. Strother at the direction of Mr. Bailey – are protected work product because they were taken in anticipation of litigation.

The parties dispute whether Chadwell has a substantial need for the photographs and an inability to obtain the substantial equivalent of the contemporaneous photographs without undue hardship. Fed. R. Civ. P. 26(b)(3)(A)(ii). Chadwell says she needs these photographs because without them she cannot adequately prepare her case and present the scene to a jury. Chadwell argues that she cannot obtain their substantial equivalent because the railroad crossing where the derailment occurred has since been removed. Document #109 at 4.

Nucor argues that Chadwell has already obtained the substantial equivalent of the photographs. Nucor points out that it has previously produced photographs of the incident scene that Nucor took immediately after the incident but before retaining legal counsel; photographs of the incident scene taken by the Mississippi County Coroner's Office; and the entire OSHA inspection file created after the incident, which contains photographs of the incident scene and equipment taken by an OSHA representative on the day it occurred. Document #111 at 9; Document #110 at 8-9. Nucor also reports that in November of 2017 plaintiff's counsel and experts photographed, measured, and collected physical information related to the derailed railcar and area where the

incident occurred, and that in fall of 2018 plaintiff's counsel interviewed many current or former Nucor employees and locomotive operators. Document #110 at 9.

Certainly obtaining the photographs at issue would make presenting her case at least somewhat easier for Chadwell because it is additional evidence that she lacks. But she does not have a "substantial" need for the photographs, especially considering that she already has contemporaneous photographs taken by Nucor, the coroner's office, and an OSHA investigator; as well as physical information related to the derailed railcar and incident area; and information from interviews with witnesses and current and former Nucor employees and locomotive operators. Nucor need not produce the photographs at issue.

The second category of items Chadwell seeks consists of witness statements regarding the derailment by Nucor employees. According to Mr. Bailey's affidavit, shortly after discovering the incident Nucor contacted the Rose Law Firm and retained its services. Document #110 at 4-5. Anticipating an OSHA inspection later that day, Mr. Bailey asked Nucor to collect witness statements from the two employees who first arrived at the incident scene. *Id.* at 5.

Under Rule 23, these statements are not ordinarily discoverable because they were prepared in anticipation of litigation. The Supreme Court has explained that written witness statements obtained by counsel are conditionally free from discovery – unless a showing of necessity can be made. *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S. Ct. 385, 394, 91 L. Ed. 451 (1947). The Eighth Circuit has likewise stated that "statements prepared or signed by [an] interviewee" are protected work product. *In re Grand Jury Proceedings*, 473 F.2d 840, 848 (8th Cir. 1973). The cases make a distinction between a lawyer's personal recollections and notes regarding what a witness communicated to the lawyer and statements written or signed by the witness. *Id.* "The latter may be

4

discovered by a showing of good cause while the former may not" be discovered. *Id.* (citing *Hickman*, 329 U.S. at 519, 67 S. Ct. 385). But as to statements written or signed by a witness, the Eighth Circuit has explained that good cause for discovery of the statements is unlikely shown if the individual is known and accessible to the opposing party. *Id.* at 849; *see also Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (2000) ("Discovery of a witness statement to an attorney is generally not allowed if that witness is available to the other party."). The Court's statement to the contrary in *Schipp* was mistaken. *Schipp v. v. Gen. Motors Corp.*, 457 F. Supp. 2d 917, 924 (E.D. Ark. 2006).

In this case, at the direction of Nucor's outside counsel, Nucor took the statements of two employees who witnessed the incident the same day. This occurred on the day of the incident when litigation was reasonably foreseeable and, indeed, when a civil governmental inspection by OSHA was imminent. The witness statements constitute protected work product. *Diversified Indus. Inc. v. Meredith*, 572 F.2d 596, 603 (8th Cir. 1977) ("While the 'work product' may be, and often is, that of an attorney, the concept of 'work product' is not confined to information or materials gathered or assembled by a lawyer.").

Chadwell has had the opportunity to depose any potential witness. Her lawyers have, in fact, interviewed many Nucor employees or former employees and locomotive operators – including one of the witnesses whose statement is being withheld. Document #111 at 11; Document #110 at 9-10. She has made no argument or showing that she has not been able to interview or depose the other witness whose statement is being withheld. Under the circumstances Chadwell has not shown that she has a substantial need for the witness statements to prepare her case and that she cannot obtain their substantial equivalent by other means without undue hardship – in other words, she has not

5

shown good cause to obtain the witness statements. *See In re Grand Jury Proceedings*, 473 F.2d 8 at 848; *Schipp*, 457 F. Supp. 2d at 924 ("[A] desire to obtain 'immediate factual observations unmarred by the passage of time' does not rise to the level of substantial need imposed by Rule 26.").

Finally, Chadwell seeks production of an incident report regarding the derailment prepared by Nucor at the direction of its attorneys. In anticipation of the OSHA inspection the Rose Law Firm requested Nucor Steel to complete an incident report on a form provided by the Rose Law Firm. Document #110 at 6. According to Mr. Bailey's affidavit, the supplied form states that it contains information gathered at the direction of legal counsel in anticipation of litigation and in order to assist legal counsel with work product preparation. *Id.* The form contains information about the incident such as its location, a description, the work being performed at the time, the equipment involved, the witnesses to the incident and any witness statements, information about communication with OSHA, and potential defenses. *Id.*

The incident reports are protected because they were prepared in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3)(A); *Schipp*, 457 F. Supp. 2d at 923-24 (holding that an insurance adjuster's investigation report about a car accident was protected work product). Here, Nucor reasonably anticipated litigation. A railcar derailed, killing one of its employees. Individuals from OSHA investigated the site on the day of the accident. On the day of the accident a reasonable person would expect litigation to ensue, and so documents prepared later that day by Nucor regarding the incident were created in anticipation of litigation.

Chadwell cannot show that she has a substantial need for the incident report to prepare her case and an inability to obtain its substantial equivalent without undue hardship. Chadwell has had

6

the opportunity through discovery to find out details about the accident, including by interviewing current and former Nucor employees, and to depose any person with knowledge of the incident. In fact, as mentioned above Chadwell did conduct an interview with one of the witnesses whose statement is being withheld. Document #110 at 9-10; Document #111 at 11. In sum, the incident report prepared by Nucor Steel, at the direction of its attorneys, is protected because it was prepared in anticipation of litigation and because Chadwell has not demonstrated that she has a substantial need for it and that she cannot obtain its substantial equivalent by other means.

For the foregoing reasons, the motion to compel is DENIED. Document #108.

IT IS SO ORDERED this 8th day of August, 2019.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE