IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**LORRAINE CHADWELL, Individually, and as**                    **PLAINTIFF**
**the personal representative of the ESTATE**
**OF THOMAS J. DAZEY, deceased, and on**
**behalf of the wrongful death beneficiaries of**
**Thomas J. Dazey, deceased**

**v.**                                   **No: 3:17-CV-00053-BSM**

**PHOENIX SERVICES, LLC; JOHN DOE**
**CORPORATION I, JOHN DOE CORPORATION II**              **DEFENDANTS**

## ORDER

I disagree with Lorraine Chadwell's assertion that there was no deadline for disclosing

experts.  The discovery deadline was the date established by order for all discovery to

conclude and was therefore the last day that Chadwell could disclose her experts.  When

followed to its natural conclusion, Chadwell's argument is that the scheduling order is

meaningless.  Chadwell was aware that Phoenix Services, LLC would have to depose her

experts.  Consequently, by naming her experts so late in the litigation, she has essentially

nullified the discovery and dispositive motions deadlines and the trial schedule.

Additionally, Chadwell received interrogatories and requests for production of

documents in April 2019, in which she was specifically asked to disclose all information

regarding her experts.  Federal Rule of Civil Procedure 33 requires responses within thirty

days and for those responses to be timely supplemented.  In her May 2019 responses,

Chadwell merely stated that she would supplement her responses.  Now, fifteen months later,

and almost a month after the close of discovery, Chadwell, for the first time, provides

adequate responses to these requests.  This is untimely.

To the extent that Chadwell argues that Rule 26 relieves her from complying with

Rule 33 and with the discovery deadline, that argument is rejected.  To the extent that she

argues that her responses technically complied with Rule 33 and that the scheduling order's

failure to carve out a separate deadline for expert disclosure permits her to rely on the default

expert disclosure requirement of Rule 26, they do not.

Now, the question is what is the appropriate remedy for Phoenix.  While I understand

that it has already filed its motion for summary judgment and is ready for me to rule, granting

its motion to strike would essentially hand a judgment to it.  Given the nature of the case, the

facts herein, and the years spent by both sides preparing for trial, this is too harsh.

Consequently, Phoenix's motion to strike [Doc. No. 139] is denied.  The parties have

until November 13 to depose Chadwell's experts.  The dispositive motions deadline is

December 4.  And the trial is continued until January 25, 2021.

IT IS SO ORDERED this 20th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE